# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LANCASTER AUTO CARE, INC.,**
             **Plaintiff,**

**-vs-**                                                    **Case No.  6:08-cv-1662-Orl-31DAB**

**TRAVELERS INDEMNITY COMPANY**
**OF CONNECTICUT,**
             **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion for Remand (Doc. 12) filed by the

Plaintiff, Lancaster Auto Care, Inc. ("Lancaster"), and the response (Doc. 13) filed by the

Defendant, Travelers Indemnity Company of Connecticut ("Travelers").

Lancaster, a Florida corporation, filed this case in the Circuit Court of the Ninth Judicial

Circuit, in and for Orange County, Florida, contending that Travelers was refusing to adequately

compensate it for covered losses.  (Doc. 2).  Travelers timely removed the case to this Court on

September 26, 2008, contending that this Court possessed jurisdiction over the dispute pursuant to

28 U.S.C. § 1332 because it was diverse from the Plaintiff and the amount in controversy

exceeded $75,000.  Lancaster does not dispute that the parties are diverse, but contends that

Travelers has failed to show that the amount in controversy exceeds $75,000.

Where, as here, the plaintiff has not pled a specific amount of damages, the removing

defendant bears the burden of proving that federal jurisdiction exists, and must prove by a

preponderance of the evidence that the amount in controversy exceeds the jurisdictional

requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Defendant

need not conclusively prove that the jurisdictional amount will be met; instead, the Defendant need only show that the amount in controversy "can more likely than not be satisfied." *Kirkland v. Midland Mort. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

In the notice of removal, Travelers simply stated that the matter in controversy "exceeds the sum of $75,000.00, inclusive of attorney's fees and exclusive of interest and costs," explaining only that this was "demonstrated by the amount Lancaster demands in its complaint." (Doc. 1 at 2). In its complaint, Lancaster contended that the amount in controversy was "in excess of $15,000, exclusive of interest and costs". (Doc. 2 at 1). Clearly, such a contention is insufficient to demonstrate that the amount in controversy exceeds the federal jurisdictional minimum.

In its response to the motion to remand, Travelers points out that

1.      Lancaster got an estimate to repair the damage of $19,860.00.

2.      The applicable coverage limit for the structure at issue is $260,064.00.

3.      If Lancaster succeeds in its suit, it would be entitled to recover attorney's fees pursuant to Section 627.428, Florida Statutes, and those fees might be subject to a contingency risk multiplier.

4.      Post-removal, Lancaster refused to stipulate that the total amount it sought (including attorney's fees) would not exceed $75,000.

Because Lancaster has a statutory entitlement to attorney's fees if it succeeds in this case, the amount of those fees is properly included in the amount in controversy. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). However, Travelers has failed to prove that it is more likely than not that those fees will exceed $55,140 – the amount needed to bring Lancaster's total recovery to $75,000. According to Travelers, counsel for Lancaster will seek to

recover an hourly rate of $275.  (Doc.13 at 5).  And Travelers has done the math, showing

different ways in which the attorney's fee amount could grow large enough so that the total

recovered by Lancaster would exceed $75,000.  However, the Court finds it unlikely (though not

impossible) that counsel for Lancaster will spend more than 200 hours on this case (200 x $275 =

$55,000) or be entitled to a large enough multiplier so that the amount recovered in addition to the

claim will top $55,140.  The Court finds that this case is due to be remanded.

Pursuant to 28 U.S.C. § 1447(c), Lancaster seeks to recover the attorney's fees it expended

in seeking remand.  Absent unusual circumstances, courts may award attorney's fees under Section

1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although the Court has concluded

that Travelers' asserted basis for removal was insufficient, it was not unreasonable.

Accordingly, it is hereby

**ORDERED** that the Motion for Remand (Doc. 12) is **GRANTED IN PART** and

**DENIED IN PART**.  This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit,

in and for Orange County, Florida.  In all other respects, including the request for attorneys' fees,

the motion is denied.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 5, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party